No. 61,250

In the Matter of Dennis Dene Barritt, *Respondent*.

(757 P.2d 730)

Opinion filed July 8, 1988.

*Halley E. Kampschroeder*, of Lawrence, appeared for the respondent.

*Bruce E. Miller*, disciplinary administrator, appeared for the petitioner.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the disciplinary administrator against Dennis Dene Barritt, of Lawrence, an attorney admitted to the practice of law in Kansas.

At the hearing before a panel of the Kansas Board for Discipline of Attorneys, the disciplinary administrator presented his evidence and rested. Thereafter, respondent presented his evidence, through his own testimony, and admitted he had violated DR 1-102(A)(5) and (6) (1987 Kan. Ct. R. Annot. 123). No exceptions have been filed.

The panel's findings of fact are as follows:

"FINDINGS OF FACT

"Due to the fact the parties are in agreement that Respondent has violated the disciplinary rules, by clear and convincing evidence, the panel must determine the measure of discipline to recommend. In reaching its decision, the panel has considered the following findings of fact:

"1. Respondent is an attorney at law. His Kansas Attorney Registration Number is 07321. His last registration address with the Clerk of the Appellate Courts of Kansas is 2908 West 23rd Street Terrace, Lawrence, Kansas, 66044.

"2. Respondent graduated from law school and was admitted to the bar in 1970. He has not engaged in the active practice of law during the last five years. In recent years he has been involved in the real estate and construction business. His real estate license was revoked recently by the Kansas Real Estate Commission.

"3. On July 22, 1986, Respondent was arrested and charged with the crimes of Aiding and Abetting Delivery of Cocaine, Possession of Cocaine, and Delivery of Cocaine, all felonies, in the case of *State of Kansas v. Dennis Dene Barritt*, No. CR 86-514, in the District Court of Douglas County, Kansas.

"4. On November 18, 1986, Respondent pled guilty to one count of aiding and abetting the delivery of cocaine, a felony, in violation of K.S.A. 65-4127a and 21-3205 in the District Court of Douglas County, Kansas.

"5. On December 18, 1986, Respondent was sentenced to a term of not less than three (3) years and not more than ten (10) years pursuant to K.S.A. 1986 Supp. 21-4501 and fined $5,000.00.

"6. On March 27, 1987, the Supreme Court of the State of Kansas filed its Order of Temporary Suspension pending final resolution of Respondent's disciplinary proceedings.

"7. On May 12, 1987, Respondent was granted probation and voluntarily entered Keystone Drug and Alcohol Program at Memorial Hospital in Topeka, Kansas. He was discharged on June 12, 1987.

"8. Respondent was incarcerated a total of one hundred forty-seven (147) days in the Kansas penal system including six weeks at Kansas State Penitentiary in Lansing, Kansas.

"9. Respondent is presently under probation and involved in community service work and various rehabilitative programs as a part of his probation."

The panel's conclusions of law and recommendation are as follows:

### "CONCLUSIONS OF LAW

"Respondent acknowledges and the panel agrees that his actions do amount to a violation of DR 1-102(A)(5) and (6).

### "RECOMMENDATION

"The panel is mindful that Respondent has begun the necessary steps toward rehabilitation in consideration of his problems. The panel concludes that Rule 203 [1987 Kan. Ct. R. Annot. 102-03] does not afford sufficient latitude to rely upon rehabilitative measures alone as a corrective measure. The panel believes discipline is warranted by Respondent's actions in this case. In reaching its decision, the panel has taken into consideration the crime upon which Respondent stands convicted of aiding and abetting the delivery of cocaine and the impact of this offense on others. Accordingly, it is the unanimous recommendation of the panel that Respondent be disciplined by disbarment pursuant to Rule 203(a)(1)."

The only question before us is the appropriate discipline to be imposed. Respondent suggests that indefinite suspension from the practice of law in Kansas for a period concurrent with his term of probation would be appropriate. We do not agree. Respondent has been convicted of a class C felony—aiding and abetting the delivery of cocaine. This is an extremely serious matter. After careful consideration, we conclude that the respondent should be indefinitely suspended from the practice of law in Kansas.

IT IS THEREFORE ORDERED that Dennis Dene Barritt be and he is hereby indefinitely suspended from the practice of law in the State of Kansas.

IT IS FURTHER ORDERED that the costs of this proceeding be assessed to the respondent.

IT IS FURTHER ORDERED that the respondent shall forthwith comply with Supreme Court Rule 218 (1987 Kan. Ct. R. Annot.

116) and that this order shall be published in the official Kansas Reports.