No. 62,131

In the Matter of BRADLEY J. SMOOT, *Respondent.*

(757 P.2d 327)

Opinion filed July 8, 1988.

*Bruce E. Miller,* disciplinary administrator, appeared for the petitioner.

*Thomas D. Haney,* of Eidson, Lewis, Porter & Haynes, of Topeka, and *Bradley J. Smoot,* pro se, appeared for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by Bruce E. Miller, disciplinary administrator, against Bradley J. Smoot, of Lawrence, an attorney duly admitted to the practice of law in Kansas.

The facts are not in dispute.

The respondent, Bradley J. Smoot, pled guilty on September 30, 1986, in the United States District Court for the District of Kansas to one count of possession of approximately one gram of cocaine, in violation of 21 U.S.C. § 844 (1982). On November 25, 1986, the United States District Court sentenced the respondent to a term of imprisonment of one year. The sentence was suspended upon the condition that the respondent "be confined in a jail-type or treatment institution" for a period of four months, and the respondent was placed on probation for two years. As an additional condition, the respondent was ordered to participate in a program for drug abuse which may include drug testing at the direction of the United States Probation Office. Possession of cocaine, under 21 U.S.C. § 844, is a misdemeanor. Under Kansas law, possession of cocaine is a class C felony. K.S.A. 65-4127a.

A formal complaint was filed by the disciplinary administrator against the respondent on March 30, 1987. A hearing was held before the Kansas Board for Discipline of Attorneys on August 18, 1987. At the time of the hearing, the respondent had previously served his four-month term in a federal detention facility, and was on probation. The hearing panel made the following additional findings of fact:

"The Respondent voluntarily removed himself from the practice of law in October of 1986 and had not practiced since and is now working for a real estate development company.

"Admitted into evidence were numerous testimonials of the Respondent's

good reputation in the community and his competent, conscientious and professional legal ability.

"There was no question raised in these proceedings of the Respondent's competence to practice law or that his professional conduct had ever been influenced by his use of narcotics.

"There was ample evidence of Respondent's full cooperation with the Disciplinary Administrator's office in these proceedings, his remorse for his actions, and apologies for his conduct.

"As part of the requirements of his probation, he is involved in community volunteer service work once a week.

"There was no question but that Respondent's possession of cocaine was for anything but for personal use."

The panel, however, was divided in its conclusions and recommendation to this court. Two members of the hearing panel found there was clear and convincing evidence that the respondent's actions were prejudicial to the administration of justice and, therefore, had violated DR 1-102(A)(5) (1987 Kan. Ct. R. Annot. 123), but concluded his conduct did not reflect adversely upon his ability to practice law, nor did his conduct reflect a moral turpitude making him unworthy to practice. They therefore recommended that respondent be publicly censured and be required, if feasible, to perform pro bono legal service in his community for a limited time. The third member of the hearing panel concluded that respondent had violated DR 1-102(A)(3) and (6) (1987 Kan. Ct. R. Annot. 123), and recommended that the respondent's license to practice law be suspended indefinitely. Respondent elected not to file exceptions to the panel's Final Hearing Report.

The court, after carefully reviewing the record, concurs with the conclusions and recommendation of the majority report of the panel.

IT IS THEREFORE ORDERED AND ADJUDGED that Bradley J. Smoot be and he is hereby disciplined by public censure and that he perform 100 hours of pro bono legal service which shall be completed by January 1, 1989.

IT IS FURTHER ORDERED that the respondent shall be under the supervision of the disciplinary administrator, who shall approve the pro bono legal services to be performed and verify the respondent's compliance with this order.

IT IS FURTHER ORDERED that this order of public censure shall be published in the official Kansas Reports and that respondent shall pay the costs of this action.

MILLER, J., not participating.