No. 67,866

In the Matter of WILLIAM SCOTT MORRIS, *Respondent*.

(834 P.2d 384)

Opinion filed July 10, 1992.

*Bruce E. Miller*, disciplinary administrator, argued the cause and was on the formal complaint for the petitioner.

*William Scott Morris*, appeared pro se.

*Per Curiam*: This original proceeding in discipline was filed by the office of the disciplinary administrator against William Scott Morris, of Topeka, Kansas, an attorney admitted to the practice of law in the State of Kansas. The formal complaint filed against respondent consists of six counts, and alleges violations of MRPC 1.15 (1991 Kan. Ct. R. Annot. 263), 1.4 (1991 Kan. Ct. R. Annot. 234), and 8.4 (a), (b), (c), (d), and (g) (1991 Kan. Ct. R. Annot. 308), and Canons 1 (1991 Kan. Ct. R. Annot. 174), 6 (1991 Kan. Ct. R. Annot. 199), 7 (1991 Kan. Ct. R. Annot. 204), and 9 (1991 Kan. Ct. R. Annot. 216). Respondent filed an answer and essentially admitted the factual allegations set out in the complaint.

A hearing before the panel of the Kansas Board for Discipline of Attorneys was held May 7, 1991, in the Harold R. Fatzer hearing room at the Kansas Judicial Center, Topeka, Kansas. Respondent appeared pro se. The panel made the following findings of fact:

"1. Respondent is an attorney at law, Kansas Registration No. 12127, presently residing at 102 S.E. 41st Terrace, Cape Corral [*sic*], Florida 33904-8320.

"2. That with reference to Count I of the Complaint, it is alleged that respondent violated MRPC 1.4 (communication); 1.15 (safe keeping of property); and 8.4(a) and (g) (misconduct). The funds received by the respondent on behalf of the client were placed in a separate account under the client's name. Although a different procedure should have been used, there is evidence to suggest that a fee dispute existed at the time in question between the respondent and his former law partner. (See investigative report of Brian J.Moline)[.] The funds were not co-mingled [*sic*]. Although bazarre [*sic*], the attempt to purchase a van by the respondent, for his client, was initiated through the use of his personal funds without their permission. As presented,

the evidence does not support finding that the respondent technically violated MRPC 1.15, 8.4(a) and (g). The respondent's conduct does constitute a violation of MRPC 1.4(a) and (b).

"3. Count II of the Complaint involved the conversion of funds of the Robert Mike Hynson conservatorship estate. The allegations are admitted. The Panel finds that the respondent's conduct constitutes a violation of MRPC 1.15 and 8.4(a)[,] (c)[,] (d)[,] and (g).

"4. Count III of the Complaint generally involves the allegations that respondent abandoned his client and failed to keep him adequately informed. Respondent admitted that his conduct constituted a violation of MRPC 1.4 in failing to adequately communicate with the client. The evidence indicates that respondent did make a reasonable effort to discontinue his practice and comply with Supreme Court Rules 218 and 221. The Panel finds that with reference to Count III respondent violated MRPC 1.4.

"5. Count IV of the Complaint alleges that a DUI arrest constitutes a violation of MRPC 8.4(d) and (g). These sections address situations where a lawyer's conduct is prejudic[ial] to the administration of justice or adversely reflects on the lawyer's fitness to practice law. It appears to this Panel that neither section applies. There is no evidence to indicate that the respondent was representing a client, while intoxicated in Reno County. Based on comments exchanged at the time of this Hearing, the Disciplinary Administrator defends Count IV as a reflection of the public's awareness [of] the serious consequences of driving while intoxicated. While appreciative of changing values within our society, it would appear that our legislature has enacted adequate laws to control and punish the offense of driving while intoxicated. We can find no reason, based on the evidence in this case, to extend the application of the Model Rules of Professional Conduct to traffic offenses. Count IV is dismissed.

"6. With reference to Count V, it is admitted by the respondent that he was arrested and convicted of possession of methamphetamine. We find that such conduct violates MRPC 8.4(b)[,] (d)[,] and (g).

"7. Count VI alleges that respondent represented Paul Fuston and that on September 29, 1988, he received a $300 retainer. Respondent withdrew from further representation on December 2, 1988, without doing any meaningful legal work for the client and has failed to fully refund the retainer. Respondent admits the factual allegations, in part. He is also in the process of repaying the former client. His conduct violated MRPC 1.4, 1.15, and 8.4(g).

"8. That the conduct which has resulted in the various violations of the Model Rules of Professional Conduct occurred during a period when the respondent was afflicted by drug and alcohol addiction.

"9. That respondent has acknowledged the impropriety of this professional conduct and expresses sincere remorse.

"10. That respondent has undergone substance abuse therapy which is continuing and has refrained from the use of drugs and alcohol for two years.

"11. That respondent has or is presently attempting to make full restitution to those clients who lost money as a direct result of his conduct.

"12. That respondent appears to have the support of his family, friends and associates along with the respect from members of the bar who had previously associated with the respondent prior to his addiction."

Although the respondent committed serious acts of professional misconduct which could warrant disbarment, the panel noted that his accomplice was drug addiction: "The devastating and destructive effects of substance abuse and total addiction are dramatically illustrated through the respondent's personal account of his self-destruction as a person and an attorney."

The panel recommended that respondent be disciplined by suspension from the practice of law for a period of three years pursuant to Supreme Court Rule 203(a)(2) (1991 Kan. Ct. R. Annot. 143). Respondent filed no exceptions to the panel's report and was directed to appear before this court pursuant to Supreme Court Rule 212(d) (1991 Kan. Ct. R. Annot. 157).

After carefully reviewing the record in this action, we agree with and adopt the panel's findings and conclusions, and we essentially accept the recommendation of discipline.

IT IS THEREFORE ORDERED that William Scott Morris be and he is hereby indefinitely suspended from the practice of law in this state, effective December 17, 1990, the date of his original temporary suspension.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1991 Kan. Ct. R. Annot. 163).

IT IS FURTHER ORDERED that the costs of the proceeding be assessed to the respondent, and that this order be published in the official Kansas Reports.