No. 67,973

In the Matter of ELDON L. FORD, *Respondent.*

(843 P.2d 264)

Opinion filed December 11, 1992.

*Paula B. Martin,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

There was no appearance by respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Eldon L. Ford a resident of Topeka at the time of the pertinent events herein and now a resident of Pratt. Mr. Ford is an attorney admitted to the practice of law in Kansas.

A formal hearing before a panel of the Board for Discipline of Attorneys was held on February 6, 1992. Respondent appeared pro se and requested a continuance of the proceedings, which was denied. The parties stipulated to the admission of certain exhibits offered by petitioner, and respondent introduced certain exhibits. Petitioner called witnesses and rested. Respondent called no witnesses. The panel subsequently filed its report recommending disbarment. Respondent filed exceptions to the report. No challenges to specific findings and conclusions are contained therein. The panel made the following findings of fact relative to Count I:

"COUNT I: That the respondent was a partner and associated with the law firm of Cosgrove, Webb and Oman, Topeka, Kansas, from 1976 to October, 1990.

"That the respondent as a member of this law firm had performed legal services for one Marianne Temple and in June, 1989 sent Ms. Temple a billing statement for legal services in the amount of $4,243.18. In August of 1989, Ms. Temple sent her check to respondent for payment of these· legal services, which check was in the sum of $4,243.18.

"The evidence then shows clearly that respondent then endorsed this check and deposited the same in a Bank IV account that was not a law firm account.

"The evidence further shows that after respondent had withdrawn from the law firm of Cosgrove, Webb and Oman, Charles T. Engel, a member

of that law firm did additional legal work for Ms. Temple and in May of 1991, sent Ms. Temple a billing statement in the total sum of $10,354, which billing statement also included the previous balance of $4,243.18 that the books of the law firm showed was still owed by Ms. Temple for the prior legal work.

"The evidence further shows that Ms. Temple received the billing statement from Charles T. Engel and thereafter she sent a copy of her check showing prior payment to the respondent, Eldon L. Ford, of the sum of $4,243.18 for the prior legal services which check is shown as part of Exhibit E.

"The evidence further shows that after the receipt of this information, the firm of Cosgrove, Webb and Oman conducted an audit of its books and records, which audit disclosed that the check of Ms. Temple in the sum of $4,243.18 had not been deposited in any firm account.

"The evidence further shows that on July 2, 1991, the respondent met with Grant Glenn and James Waugh, representing the Cosgrove law firm, and it was confirmed that the Temple check had not been deposited in any regular firm account.

"The evidence then further shows that the respondent upon this confrontation tendered a check to Glenn and Waugh in a sum greater than the check in question and that respondent stated to them that the Temple check had been deposited in a trust account of a client. That the respondent would not tell Glenn and Waugh anything further about the trust client nor would he give them any further information concerning the receipt and deposit of the Temple check.

"The evidence then further disclosed that the respondent wrote to the Cosgrove firm on July 18, 1991, seeking the firm's patience in resolving this matter, but there has been no further communication from respondent."

Count II involved failure to cooperate with the Disciplinary Administrator Office's investigation of Count I.

The panel then concluded:

"The Panel concludes that by clear and convincing evidence the respondent has violated both Count I and Count II of the complaint as filed herein, and more specifically, to wit: [Model Rules of Professional Conduct 8.4(c) (1992 Kan. Ct. R. Annot. 328)] in that respondent engaged in conduct involving dishonesty, fraud, deceit and misrepresentation.

"Supreme Court Rule 207 [1992 Kan. Ct. R. Annot. 160] - in that respondent failed to assist or cooperate with the Disciplinary Administrator in the investigation of this complaint against him."

At the hearing, the Office of the Disciplinary Administrator (petitioner) and respondent requested the opportunity to file written statements for the panel's consideration relative to any facts in aggravation or mitigation. The request was granted and a time schedule was established for the filings. Petitioner filed a state-

ment, but respondent did not. After the time for such filings expired, the panel filed its final report, which concludes as follows:

"The panel is of the opinion that the conduct of the respondent involved intentional dishonesty, fraud, deceit and misrepresentation. That further and prior to the filing of this complaint respondent did give false and deceptive information to Mr. Glenn and Mr. Waugh during the law firm's investigation of the missing funds.

"It is the further opinion of the Panel that a lawyer who has misappropriated funds has violated the most basic professional obligation to the public, to wit: Personal honesty and integrity.

"The American Bar Association Standards for Imposing Lawyer Sanctions states that disbarment is generally appropriate in cases which involve the type of activities that were engaged in by the respondent, Eldon L. Ford.

"It is therefore the recommendation of the Panel that the respondent, Eldon L. Ford, be disbarred by the Supreme Court of the state of Kansas from practicing law in the state of Kansas."

The exceptions filed by respondent concern the following:

1. His request for a continuance was unreasonably denied;
2. the result of the denial of his request was that he had inadequate time to prepare his defenses and was forced to appear without counsel; and
3. that certain exhibits were admitted without reasonable notice to him.

We shall consider exceptions 1 and 2 together. On August 12, 1991, petitioner wrote respondent advising him that a complaint had been filed against him in the Temple matter and requesting a response within 10 days. When no response was received, an investigator was assigned. In the month of October 1991, the investigator made numerous attempts to contact respondent, both by telephone calls and letters. No calls were returned nor were responses received to the letters. The formal complaint was then filed and the matter set for hearing commencing February 6, 1992. Respondent filed his answer on the day of the hearing. The answer, in essence, admitted to the lack of cooperation alleged in Count II, but denied any wrongdoing relative to Count I.

It is true the hearing was held 21 days after the formal complaint was filed. However, in his answer, respondent admits he was advised of the filing of the preliminary complaint via the August 12, 1991, letter from petitioner. Thus, respondent knew

for 5½ months that the matter was the subject of a proceeding in the Disciplinary Administrator's Office. Respondent's claim that the denial of his request for a continuance was arbitrary and unreasonable contains no specific facts and circumstances. We find no merit in exceptions Nos. 1 and 2.

Exception 3 claims surprise from petitioner's exhibit L. When the exhibit was offered, respondent objected thereto on the basis of surprise. A short recess was called during which the parties conferred relative to the exhibit. Thereafter, the following occurred which describes the exhibit and the foundational stipulation entered into:

"Ms. Martin [Deputy Disciplinary Administrator]: . . . Mr. Ford has agreed that if an officer of Bank IV from Topeka, Kansas, were called to testify that he or she would testify that the documents contained in Exhibit [E] consist[ed] of a check from Marianne Temple dated July 25th, 1989, in the amount of $4,243.18. And that the deposit slip—that there's a deposit slip showing that check deposited into an account of Eldon Ford in Topeka, Kansas. And that the next two documents are a copy of his monthly statement covering the period of July 21st to August 21st showing that deposit into the account. And that the final page is a copy of the signature card, both as it appeared in 1989, at the time of the deposit, and as it appears today, showing ownership of the account.

"And that officer would testify that these are true and accurate records from the account to which the check was deposited. These were obtained pursuant to a subpoena mailed to the bank on July 17, 1992. Is that accurate, Mr. Ford?

"MS. BLAKE [panel member]: Not 1992.

"CHAIRMAN STITES: 1991.
"MS. MARTIN: January 17th, 1992.

"CHAIRMAN STITES: Mr. Ford, you've heard that stipulation. Would you so stipulate as to the foundation?

"MR. FORD: I will so stipulate as to the foundation.

"CHAIRMAN STITES: Okay. Then are you offering these into evidence?
"MS. MARTIN: I am.

"CHAIRMAN STITES: Mr. Ford?
"MR. FORD: And I'm objecting to these on the basis of surprise.

"MS. MARTIN: And in response, I would say it cannot be a surprise since they're his bank records. He knew where the money was deposited. He knew when the money was deposited. He knew what these records show because they're his records. And so he may be surprised that the panel is going to be made aware of them, but he's certainly not surprised that it would be relevant to this inquiry to this panel where the money went that is the subject of the complaint."

A copy of the check was in evidence as exhibit E. As noted by Ms. Martin, the balance of the exhibit consisted of respondent's own bank records. Any surprise would, of necessity, be limited to petitioner's knowledge and possession of these records, not the existence of the records themselves. We find no merit as to exception No. 3.

Respondent had the opportunity to file a brief herein and received an extension of time for the filing thereof. However, no brief was filed. Respondent did not appear when the matter was set before this court. Hence, the brief statement of exceptions filed stands alone, unaugmented by brief or oral argument.

Respondent elected at the hearing herein not to testify or call witnesses on his own behalf. As previously noted, respondent did not offer any post-hearing information in mitigation although afforded an opportunity to do so.

We conclude that the panel's findings and conclusions are supported by clear and convincing evidence. We accept the panel's recommendation of disbarment as the appropriate discipline herein.

IT IS THEREFORE ORDERED that Eldon L. Ford be and he is hereby disbarred from the practice of law in the State of Kansas, and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Eldon L. Ford from the roll of attorneys licensed to practice law in the State of Kansas and that respondent forthwith comply with Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176).

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports and that the costs herein be assessed to respondent.