No. 72,059

In the Matter of WALTER (PETE) ROBERTSON, *Respondent.*
(886 P.2d 806)

Opinion filed December 9, 1994.

*Bruce E. Miller,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Mark F. Anderson,* of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, argued the cause, and *Stephen M. Joseph,* of the same firm, answered the formal complaint for respondent.

*Per Curiam:* This is an original attorney discipline proceeding against Walter (Pete) Robertson, of Junction City, an attorney licensed to practice law in Kansas.

In October 1992, Robertson was charged with several felonies in Geary County District Court for purchasing cocaine from a friend, Michael Miller, who was an undercover agent for the police. At a suppression hearing in February 1993, Robertson admitted that he had purchased cocaine from Miller once in late 1991, three times between January 1992 and June 1992, and again in October 1992. On each occasion, Robertson paid Miller $300 for an eighth of an ounce or less of cocaine. Robertson knew that each purchase of cocaine was a violation of the criminal laws of the State of Kansas and the United States.

At trial, Robertson claimed that he was entrapped by Miller to commit the crimes charged. A person is not guilty of a crime if his or her criminal conduct was induced or solicited by a public officer or his agent for the purpose of obtaining evidence to prosecute such person. K.S.A. 21-3210. Robertson was found not guilty by a jury.

In the formal complaint against Robertson, the Disciplinary Administrator stated that Robertson had violated his oath of office as an attorney and MRPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), and 8.4(g) (engaging in any other

conduct that adversely reflects on the lawyer's fitness to practice law) (1993 Kan. Ct. R. Annot. 347). Robertson's answer to the complaint admitted the allegations of the Disciplinary Administrator's office.

At a disciplinary hearing on November 18, 1993, Robertson did not deny any of the allegations of fact in the formal complaint but argued that these facts did not prove a violation of his oath of office as an attorney or MRPC 8.4(b), (d), or (g). Robertson also argued that MRPC 8.4(g) is unconstitutionally vague.

The panel held that MRPC 8.4(g) is not unconstitutionally vague. The panel observed that Robertson admitted to possessing cocaine on at least three occasions. The panel noted that MRPC 8.4(b) does not require conviction of a crime to constitute a violation; the rule merely requires the commission of a criminal act which reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. The panel further stated that MRPC 8.4(d) and its predecessors DR 1-102(A)(5), (6) have been recognized as being applicable to cases where a respondent is found to have possessed illegal drugs. See *In re Morris*, 251 Kan. 592, 834 P.2d 384 (1992); *In re Smoot*, 243 Kan. 589, 757 P.2d 327 (1988); *In re Diehl*, 243 Kan. 580, 757 P.2d 732 (1988); and *In re Barritt*, 243 Kan. 519, 757 P.2d 730 (1988).

The panel noted, pursuant to *In re Anderson*, 247 Kan. 208, 795 P.2d 64 (1990), *cert. denied* 111 S. Ct. 985 (1991), that constitutional rights may not be invoked to protect an attorney from disciplinary charges of unethical conduct. The panel pointed out that in *Barritt, Diehl*, and *Morris*, this court held that the possession of controlled substances, including methamphetamine, cocaine, and marijuana, was unethical conduct. Finally, the panel concluded that while the attorney's oath could be broadly interpreted to encompass the possession of cocaine as a prohibited act, there was no clear and convincing evidence that Robertson violated his oath, and there is no case law to support a finding that his conduct constituted such a violation. The hearing panel found by clear and convincing evidence that Robertson committed a criminal act and violated MRPC 8.4(b), (d), and (g), but did not violate his oath of office.

The hearing panel then noted the following mitigating facts: (a) numerous clients continue to come to Robertson for service; (b) numerous letters attested to Robertson's good reputation in the community and his competent, conscientious, and professional legal ability; (c) Robertson fully cooperated with the Disciplinary Administrator's office; (d) there was no evidence of continued misconduct by Robertson; (e) a jury found that Robertson was entrapped on the last instance when he possessed cocaine; and (f) Robertson has no previous disciplinary record. The panel determined that there were no aggravating facts.

After reviewing the facts and considering mitigating factors, the panel recommended censure published in the Kansas Reports pursuant to Supreme Court Rule 203(a)(3) (1993 Kan. Ct. R. Annot. 162). The panel further recommended that costs be assessed against respondent. Robertson did not file exceptions to the findings or conclusions set forth in the report of the hearing panel of the Kansas Board for Discipline of Attorneys.

The oath of office requires that an attorney swear to support and bear true allegiance to the "Constitution of the United States and the Constitution of the State of Kansas." Rule 704(i) (1993 Kan. Ct. R. Annot. 416). It then goes on to require that the attorney act in certain ways with respect to clients, be honest, and have fidelity to the court. The Model Rules of Professional Conduct, in addition to requiring that a lawyer be a representative of clients and an officer of the legal system, imposes a duty on the lawyer to be a public citizen with a special responsibility for the quality of justice. A lawyer's conduct should conform to the requirements of the law in professional service to clients, in the lawyer's business, and in the lawyer's personal affairs. We disagree with the panel's finding that possession of cocaine, a violation of our criminal laws, is not a violation of an attorney's oath of office.

Any violation of the law creates some question about the trust and confidence that the public may reasonably be expected to place in a lawyer. No matter what the violation, some discipline may be required to deter the attorney involved and other members of the bar. Violations of the law in some cases are of such egregious conduct or are so inimical to the integrity of the judicial

system that this court must apply the most serious sanction of disbarment. *In re Diggs*, 256 Kan. 193, 883, P.2d 1182 (1994). After examining the record, we find that this case does not require the extreme sanction of disbarment. A majority of this court accepts the panel's recommendation that censure be imposed and that the court direct publication of such censure.

IT IS THEREFORE ORDERED that Walter (Pete) Robertson be censured for violation of MRPC 8.4(b), (d), and (g).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.

ABBOTT, J., not participating.

ROBERT H. MILLER, C.J. Retired, assigned.