No. 73,450

In the Matter of FRED H. BROWN, *Respondent.*
(907 P.2d 132)

Opinion filed December 8, 1995.

*Mark F. Anderson*, disciplinary administrator, argued the cause and was on the brief for petitioner.

*Jack Focht*, of Focht, Hughey & Calvert, of Wichita, argued the cause and was on the briefs for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator as petitioner against Fred H. Brown, an attorney admitted to the practice of law. The issue is whether Brown, who had been temporarily suspended from the practice of law and was in federal prison, should have been granted a continuance by the hearing panel of the Kansas Board for Discipline of Attorneys (the panel), thus allowing him to appear personally.

Brown was convicted on two felony counts. While incarcerated in South Dakota, Brown received notice of his disciplinary hearing to be held in Topeka, Kansas, on November 29, 1994. Brown requested a continuance until May 1995, after his release from prison. The request was denied. Brown did not appear in person or by counsel.

The panel recommended disbarment. Brown filed exceptions. Our jurisdiction is under Kansas Supreme Court Rule 212 (1994 Kan. Ct. R. Annot. 210).

We remand the matter to the panel to afford Brown the opportunity of appearing in person.

## FACTS

On February 4, 1994, in the United States District Court for the

District of Nebraska, Brown was convicted on two drug counts: conspiracy to distribute cocaine, violating 21 U.S.C. §§ 841(a) and 846 (1994) and 18 U.S.C. § 2 (1994); and possession of cocaine with intent to distribute, violating 21 U.S.C. § 841(a). Both crimes are felonies under federal law, Nebraska law (Neb. Rev. Stat. §§ 28-416 and 28-105 [1989]), and Kansas law (K.S.A. 1994 Supp. 65-4161). At the time of his conviction, Brown practiced law in Omaha, Nebraska, and was authorized to practice in Kansas, although he had no clients or active cases in Kansas.

On March 14, 1994, the petitioner received notice from Brown of his temporary suspension from the practice of law in the state of Nebraska. Brown also notified the petitioner of the federal convictions. The petitioner, under Rule 203(c)(3) (1994 Kan. Ct. R. Annot. 189), filed with this court a certified copy of the federal convictions and the Nebraska Supreme Court order temporarily suspending Brown from the practice of law in Nebraska. We temporarily suspended Brown from the practice of law in Kansas on March 16, 1994, pending final disposition of his disciplinary proceeding.

On July 25, 1994, Brown was sentenced to 15 months in the federal prison at Yankton, South Dakota.

On September 20, 1994, the petitioner sent the formal complaint to Brown and notified him of his hearing before the panel on November 29, 1994. Attached to the formal complaint served on Brown was a document entitled: "Important Notice About Aggravating or Mitigating Evidence." That notice informed Brown of his opportunity to present evidence of mitigating circumstances at the hearing.

On September 27, 1994, Brown acknowledged receipt of the formal complaint and notice of hearing and filed a handwritten motion for continuance, seeking to postpone the hearing until May 1995. As grounds for the motion, Brown stated that: (1) he would be released from prison on March 5, 1995; (2) his conviction had been appealed and he anticipated a decision in approximately April or May 1995; (3) he was unable to obtain legal counsel to appear or represent him at the hearing; and (4) he was unable to present existing mitigating factors until his release from confinement.

Bruce Miller, the Disciplinary Administrator, forwarded Brown's correspondence to the panel members, opposing it. In a letter dated October 10, 1994, the chair of the panel denied the motion, stating:

"We frequently hear cases involving respondents who are incarcerated. They often are represented by counsel at the hearing. If we continued each of these until release of the respondent from custody, it would not promote orderly administration of the disciplinary process. Certainly, we encourage Mr. Brown to have counsel appear on his behalf at the hearing."

This letter (an appendix in the brief of the petitioner) was not included as part of the record, nor is there any indication that it was sent to Brown. However, Brown apparently received notice that his motion had been denied.

On October 17, 1994, the petitioner received Brown's hand-written answer to the formal complaint. Brown admitted his convictions on the two counts in the federal indictment but denied the allegations in the indictment and the legality of his convictions. He restated that his release from prison was scheduled for March 5, 1995.

On November 28, 1994, the petitioner received Brown's hand-written Objection to Hearing, which stated:

"COME NOW Respondent, Fred H. Brown, and hereby objects to proceeding with formal hearing scheduled November 29, 1994. In support hereof, Respondent states that he is unable to personally attend said hearing nor able to retain counsel to appear on his behalf and that to continue with said hearing without Respondent's ability to present mitigating circumstances would be violative of due process of law.

"Respondent further states that an appeal to the U. S. Court of Appeals, Eighth Circuit of the conviction in the U. S. District Court for the District of Nebraska is pending and that hearing on the above-captioned matter should be stayed until a decision is rendered by the U. S. Court of Appeals."

The panel considered Brown's Objection to Hearing as a motion for continuance and denied the motion. The petitioner presented: (1) copies of the indictment, verdict, judgment and commitment order, summary report to the sentencing commission, and memorandum and order of the judge, concerning Brown's federal criminal case in Nebraska; and (2) copies of the correspondence re-

ceived from Brown. Petitioner recommended disbarment, calling to the panel's attention the judge's memorandum and order, which described Brown's serious addiction and unsuccessful treatment efforts.

The final hearing report: (1) found that Brown violated MRPC 8.4(b) (1994 Kan. Ct. R. Annot. 379) (commit a criminal act that reflects adversely on honesty, trustworthiness or fitness), (d) (engage in conduct prejudicial to administration of justice), and (g) (engage in any other conduct that adversely reflects on fitness to practice law); and (2) recommended disbarment. The report noted: "No evidence was presented on mitigation or aggravation. Thus there is no need to review the *ABA Standards* section on Aggravation and Mitigation." The petitioner has withdrawn the charge that Brown's conduct violated MRPC 8.4(g).

## DISCUSSION

Brown casts the issue before us in terms of a denial of due process. The petitioner asserts that the failure to grant a continuance is not a denial of due process.

We remand in the interest of justice under our supervisory authority over the practice of law.

We said in *State ex rel. Stephan v. Adam*, 243 Kan. 619, 625, 760 P.2d 683 (1988):

"A member of the bar, licensed to practice law, does have a property right in the license. A member of the bar cannot be deprived of his or her license (right to practice law), unless he or she is afforded the constitutional procedural due process right of sufficient notice of the nature of the charge and the opportunity for a timely hearing in a meaningful manner."

Rule 211(d) (1994 Kan. Ct. R. Annot. 207) (formal hearings) and 216 (1994 Kan. Ct. R. Annot. 214) (subpoena power, witnesses, and pretrial proceedings) contain provisions granting a respondent in a disciplinary proceeding certain procedural rights. Under the above rules, a respondent is entitled to be represented by counsel, cross-examine witnesses, and present evidence. The respondent may compel by subpoena the attendance of witnesses and the production of documents at the hearing.

Brown's case is one of first impression. We have not considered the request of an imprisoned attorney for a continuance of the panel hearing. Respondents in disciplinary hearings have raised as exceptions refusals to grant continuances under other circumstances. In *State v. Rome*, 235 Kan. 642, 652, 685 P.2d 290 (1984), we found no abuse of discretion in a hearing panel's refusal to postpone a disciplinary hearing pending resolution of a criminal appeal. In *In re Ford*, 252 Kan. 231, 233-34, 843 P.2d 264 (1992), we found no abuse of discretion. Ford knew for 5 1/2 months that the matter was the subject of a proceeding in the Disciplinary Administrator's office. Ford's claim that the denial of his request for a continuance was arbitrary and unreasonable was not supported by evidence of specific facts and circumstances. Ford was present and participated at his hearing.

In *In re Kershner*, 250 Kan. 383, 827 P.2d 1189 (1992), the Disciplinary Administrator sent copies of the complaint by certified mail to Kershner's most recent attorney registration address and to a residential address provided by Kershner's criminal counsel. The copies were returned as not deliverable or unclaimed. Kershner failed to appear at his hearing. Kershner did sign for the copy of the panel's report sent to the residential address. The panel report recommended disbarment. Kershner, in his exceptions to the report, denied having received notice of the hearing and requested a second panel hearing so that he could respond to the charges in the complaint. Kershner claimed he was denied due process by not being afforded the second panel hearing. We decided that Kershner was afforded his due process rights because his failure to receive notice was due to his own failure to apprise the Clerk of the Appellate Courts' office of his correct address. We also noted: "In addition, Supreme Court Rule 212 allowed [respondent] to file exceptions to the committee's report prior to any hearing before this court." 250 Kan. at 387.

Brown stated that he was "unable" to obtain counsel. The only evidence presented to the panel consisted of copies of the court documents setting forth Brown's convictions, the sentencing judge's findings, and the sentence. Brown's reason to appear at the hearing was to present evidence of mitigating circumstances.

Brown did not file anything, either with the panel before the hearing or in his exceptions to the panel's report, suggesting what his mitigating circumstances were.

The petitioner argues that under Rule 216(f), Brown could have requested that his (or a witness') deposition be taken, if he could not attend the hearing. We agree. Brown also had the right to be represented by counsel.

### Mitigating Circumstances

Clearly, mitigating circumstances can influence the final result of a disciplinary hearing, even when the reason for the hearing is a felony conviction. Mitigating circumstances could make the difference between a recommendation of indefinite suspension and disbarment. See *In re Nelson*, 255 Kan. 555, 564, 874 P.2d 1201 (1994) (indefinite suspension imposed on attorney who pled guilty to attempted possession of cocaine, a felony, although the Disciplinary Administrator recommended disbarment and the panel recommended indefinite suspension, to be probated under certain terms); *Kershner*, 250 Kan. at 392 (attorney convicted of two felony counts of selling unregistered securities, violating K.S.A. 17-1254, and two felony counts of acting as an unregistered broker-dealer or agent, violating K.S.A. 17-1255 of the Kansas Securities Act; hearing panel recommended disbarment; attorney presented mitigating circumstances in his brief, although he failed to appear or present any evidence at his panel hearing; majority of the court found disbarment to be excessive and imposed public censure); *In re Smoot*, 243 Kan. 589, 757 P.2d 327 (1988) (public censure imposed on attorney who pled guilty in federal district court to possession of less than a gram of cocaine, a misdemeanor under the applicable federal statute, 21 U.S.C. § 844 [1982], although it would have been a felony under Kansas law [K.S.A. 65-4127a (Ensley 1980)]; attorney had completed his 4-month incarceration at the time of the disciplinary hearing).

Perhaps Brown could not have presented any mitigating circumstances that would have changed the recommendation of the panel. However, under the facts in this case, we hold that a continuance should have been granted. No witnesses were under subpoena.

Granting the continuance would have involved a postponement of little more·than 3½ months. (Brown stated·he was to be released March 5, 1995. He was released on that date.) Brown's license to practice had been temporarily suspended on March 16, 1994, 8 months before the hearing. The Federal Court of Appeals affirmed his conviction less than 8 months after the panel's hearing date. *United States v. Fregoso*, 60 F.3d 1314 (8th Cir. 1995).

This is not a notice case. Brown had notice of his hearing. We agree with petitioner the panel's refusal to grant the continuance did not deny Brown due process.

We need to address the two cases Brown cited from other jurisdictions that consider due process arguments in attorney discipline hearings. Both Brown and the petitioner rely on *Committee on Legal Ethics v. Folio*, 184 W. Va. 503, 401 S.E.2d 248 (1990). *Folio* is distinguishable. Under West Virginia law, an attorney subject to a disciplinary proceeding based on a felony conviction can be automatically disbarred, unless a mitigation hearing is requested. The right to such a hearing is not absolute. In *Folio* (attorney convicted of federal felony for using intimidation, physical force, and threats and engaging in misleading conduct with intent to influence testimony in an official proceeding), the court determined Folio was not entitled to a mitigation hearing because no facts could sufficiently mitigate the sanction. 184 W. Va. at 508. In Kansas, an attorney is entitled to present evidence of mitigating circumstances at the panel hearing, regardless of the basis of the hearing. Rule 211(d), (f).

The second case, *Giddens v. State Bar*, 28 Cal. 3d 730, 170 Cal. Rptr. 812, 621 P.2d 851 (1981), concerned an imprisoned attorney. Giddens had closed his law practice and left California at the time the state bar received three complaints against him. The bar attempted to notify Giddens of the disciplinary hearing by mail and publication. Giddens did not appear and later claimed he received no notice. However, he received notice of his disbarment resulting from the hearing. He requested a second hearing. The state bar granted his request. Meanwhile, Giddens was indicted in federal court in Texas, pled guilty to conspiring to distribute a controlled substance, and was in federal prison. Giddens informed the Cali-

fornia state bar that he was incarcerated and requested that his hearing date be postponed until a certain date. He believed he could obtain a furlough to attend the hearing. Although the hearing was scheduled for that date, Giddens could not obtain the furlough. Two days before the second hearing, he requested from the hearing panel's chair postponement or appointment of counsel. Giddens' request for postponement was denied, and his request for appointment of counsel was ignored. The state bar had an informal procedure for appointing counsel, if requested, after a showing of indigency. Giddens failed to appear in person or by counsel at the hearing. The state bar allowed him to file affidavits in response to the testimony presented at the hearing. Giddens contended he was denied a fair hearing by the refusal to postpone the hearing until he could be represented. The court agreed and decided that Giddens had been denied his rights under a California statute which granted accused attorneys in disciplinary proceedings certain procedural rights.

The California hearing concerned complaints against Giddens for conduct in California, not the federal conviction in Texas. The complainants appeared at the hearing and testified. The *Giddens* court stated:

"The circumstances of this case underscore the fact that a fair hearing did not take place. Petitioner was not afforded the right to 'defend against the charge by the introduction of evidence.' (Bus. & Prof. Code, § 6085, subd. (a).) Although petitioner challenged the veracity of the complainants' testimony, he never had an opportunity to cross-examine those witnesses. Since petitioner participated in the very meetings those witnesses discussed, his presence at the hearing might well have ensured the full and fair presentation of all the facts. Additionally, since he was not present to testify, the hearing officers could not evaluate his demeanor and credibility. The issue before the bar was petitioner's continued suitability for legal practice. Without any representation of petitioner's views, a fair hearing was not possible." 28 Cal. 3d at 735.

The California court determined that the refusal of a continuance denied Giddens his statutory right to present a defense. 28 Cal. 3d at 736.

Unlike *Giddens*, the hearing in the present case did not involve testimony by complainants concerning disputed factual matters. Brown admitted his convictions. Brown did not specifically claim

indigency and did not request appointment of an attorney to represent him. Nor did Brown contend that he had a right to have an attorney appointed to represent him.

The remand to the panel for a new hearing will give Brown the opportunity to appear and present whatever evidence of mitigating circumstances he may have. The precedential shadow cast by this case is limited. We do not wish to erode the discretion granted to a panel to deny or grant continuances. We do not suggest that a panel must await an appellate court's review of a felony conviction. Our holding is linked to the particular facts of this case. We emphasize: (1) Brown was suspended from the practice of law on March 16, 1994; (2) his hearing before the panel was on November 29, 1994; (3) Brown was to be released from federal prison on March 5, 1995, and he so informed the panel; and (4) a continuance of 3½ months would have allowed him to appear.

Remanded to the panel to hear any factors of mitigation or aggravation Brown and the Disciplinary Administrator wish to submit.