**In the Matter of Patrick J. TURNER.**

**No. 584S165.**

Supreme Court of Indiana.

June 1, 1984.

Saul I. Ruman, Law Offices of Saul I. Ruman and Associates, Hammond, for respondent.

Sheldon A. Breskow, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

This proceeding is now before the Court, pursuant to Ind.R.A.D. 23, Section 11(a), on a Conditional Agreement tendered by the parties. Under the terms of the Agreement, the Respondent, Patrick J. Turner, is charged with violating Disciplinary Rules 1–102(A)(1), (3) and (6) of the *Code of Professional Responsibility for Attorney at Law*. As required, the Respondent has also submitted his affidavit in accordance with the provisions of Ind.R.A.D. 23, Section 17(a).

Upon examination of the tendered agreement, this Court now finds that it should be approved and, accordingly, adopts, as the predicate of our discipline, the agreed facts tendered by the parties.

This Court further finds that on or about December 11, 1982, the Respondent, a duly licensed attorney in this state, while driving in Portage, Indiana, was stopped by Police Officer Robert Getz. Officer Getz made a search of the car and discovered a quantity of marijuana. The Respondent was placed under arrest and was charged with possessing marijuana in violation of Ind.Code Section 35–48–4–11(1). The Respondent entered a plea of guilty to the charge of a Class A Misdemeanor. He was found guilty and received a sentence of 60 days in the Porter County Jail, all except 6 days of which was suspended. The sentence was served in a community restitution program. He was also placed on unsu-

pervised probation for 6 months, provided he obtained drug counseling, and was fined $2,000, all except $300 of which was suspended.

The parties have also agreed, by way of mitigation, that at the time of his arrest, the Respondent was not using marijuana, nor was he violating any traffic law, nor was he endangering the public in any way.

Canon I of the *Code of Professional Responsibility* charges attorneys with the duty of maintaining the integrity of the legal profession. *Ethical Considerations 1–5* of the *Code of Professional Responsibility* elaborates on this duty by stating:

> He should be temperate and dignified, and he should refrain from all illegal and morally reprehensible conduct. Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession. Obedience to law exemplifies respect for the law. To lawyers, especially, respect for the law should be more than a platitude.

In this instance, the Respondent's involvement with an illegal substance is not only a crime under the laws of this state, but it also reflects adversely on the integrity of the legal profession.

In light of the foregoing considerations and in accordance with the agreement of the parties, this Court now further finds that the Respondent has engaged in misconduct. Under the circumstances of this case, the agreed discipline, a public reprimand, is accepted.

It is therefore ordered that the Respondent is hereby reprimanded and admonished for his conduct involving the possession of marijuana.

Costs of this proceeding are assessed against the Respondent.

PIVARNIK, J., not participating.