No. 66,150

In the Matter of PATRICK E. MCKENNA, *Respondent.*

(813 P.2d 929)

Opinion filed July 12, 1991.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for the petitioner.

*Jack Focht,* of Focht, Hughey, Hund & Calvert, of Wichita, argued the cause for the respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the disciplinary administrator against Patrick E. McKenna, of Kingman, Kansas, an attorney duly admitted to the practice of law in Kansas. A hearing panel of the Kansas Board for Discipline of Attorneys unanimously found a violation of Model Rules of Professional Conduct 8.4(d) and (g), Supreme Court Rule 226 (1990 Kan. Ct. R. Annot. 290), in that respondent's conduct was prejudicial to the administration of justice and adversely reflects on his fitness to practice law.

The facts as stipulated to by the parties were accepted by the panel and are included within the panel's report. No exceptions to the report were filed. Briefly summarized, the facts are that a search warrant was executed at respondent's residence based upon the belief that marijuana plants were being cultivated on respondent's property. Marijuana, drug paraphernalia, and a vial containing cocaine residue were seized pursuant to the search warrant. Eighty growing marijuana plants were also seized. Subsequent investigation revealed that the plants were not growing on property owned by respondent. Respondent was charged with possession of marijuana with the intent to sell, possession of drug paraphernalia, possession of marijuana, possession of cocaine, and unlawful use of weapons. The district court ruled that the evidence seized from respondent's home was inadmissible. This ruling applied only to evidence seized inside respondent's residence. Respondent denied knowledge of the existence of the growing marijuana plants, and a statement was obtained from an individual

admitting responsibility for planting and growing the marijuana and that the respondent had no knowledge of the growing marijuana.

The respondent, pursuant to a plea agreement, agreed to plead guilty to one count of possession of marijuana, a class A misdemeanor. He was fined $250, and all additional charges were dismissed. Respondent admits to using marijuana, occasionally using cocaine, and having a substance abuse problem. As part of the stipulation, the disciplinary administrator recommended that respondent be disciplined by public censure and suggested that respondent be required to perform pro bono legal services, submit to random drug tests, and attend Narcotics Anonymous meetings. The panel accepted the written stipulation of the parties and made the following recommendations:

"The Respondent has never been previously disciplined. There are many testimonial letters as to the Respondent's good character which were introduced at the hearing on behalf of the Respondent.

"It is the recommendation of this Panel that the Respondent, Patrick E. McKenna, should be disciplined by Public Censure pursuant to Rule 203(a)(3) [1990 Kan. Ct. R. Annot. 137]. The Panel further recommends that the Respondent be required to perform fifty (50) hours of pro bono legal services, or included within said fifty hours, hours of service in assistance of persons involved in substance abuse problems, at his option. The Panel further recommends that the Respondent be required to submit to random drug tests in the year following the imposition of discipline and that the Respondent attend Narcotics Anonymous meetings on a regular basis."

We adopt the panel's findings. However, after careful review of the record, we conclude that the imposition of discipline against respondent should be suspended and that he should be placed on probation for a period of one year.

IT IS THEREFORE ORDERED that the imposition of discipline against Patrick E. McKenna be and it is hereby suspended, and respondent is placed on probation for a period of one year on the following conditions: (1) that he perform 50 hours of pro bono legal services, (2) that he not possess or use any controlled substance, as defined in K.S.A. 1990 Supp. 65-4101(e), (3) that he submit to random drug tests, at his expense, and (4) that he attend Narcotics Anonymous meetings on a regular basis. The disciplinary administrator shall approve the pro bono legal services

to be performed and verify respondent's compliance with this order.

IT IS FURTHER ORDERED that, in the event respondent fails to abide by the conditions set out herein, a show cause order shall issue to the respondent, and this court shall take whatever disciplinary action it deems just and proper without further formal proceedings.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports and that the costs herein be assessed to the respondent.