No. 71,436

In the Matter of DONALD H. DIGGS, *Respondent.*
(883 P.2d 1182)

Opinion filed October 28, 1994.

*Bruce E. Miller,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Mark F. Anderson,* of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, argued the cause for respondent.

*Per Curiam:* This is an uncontested attorney discipline proceeding involving respondent Donald H. Diggs, of Wichita, an attorney licensed to practice law in Kansas. Respondent is presently serving a seven and one-half year sentence in federal prison in Yankton, South Dakota. After his release from confinement, respondent will be on a supervised release program for five years. Respondent is represented in this action by attorney Stephen Robison of Wichita.

By way of an indictment, respondent was charged on December 18, 1991, with two felony counts of possession of a controlled substance with intent to distribute. A year later, on December 21, 1992, respondent entered a guilty plea to Count I of the indictment and was sentenced to a term of seven and one-half years. The plea was conditioned upon respondent's retaining the right to challenge the federal district court's order denying his motion to dismiss Count I for alleged outrageous government conduct.

In the formal complaint against respondent, the Disciplinary Administrator stated that respondent had violated his oath of office as an attorney and MRPC 8.4(b) (committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), and 8.4(g) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law) (1993 Kan Ct. R. Annot. 347).

Respondent answered the formal complaint and admitted the allegations of the Disciplinary Administrator's office. Respondent

stated, however, that he had appealed his conviction to the United States Court of Appeals for the Tenth Circuit and that his case would be argued on September 28, 1993. Respondent argued on appeal that (1) the acts of government agents in conducting the "reverse sting" drug operation and inducing him to take possession of four ounces of crack cocaine constituted outrageous conduct requiring that the indictment against him be dismissed and (2) the conduct of the government agents against him and the totality of the circumstances surrounding his arrest and the charges required the district court to make a downward departure from the federal sentencing guidelines. In a published opinion issued on November 4, 1993, the Tenth Circuit affirmed respondent's conviction and refused to modify the sentence imposed by the district court. *U.S. v. Diggs*, 8 F.3d 1520, 1526 (10th Cir. 1993).

At a disciplinary hearing on November 18, 1993, the hearing panel accepted the parties' stipulation that respondent admitted the allegations in the formal complaint. The Disciplinary Administrator introduced exhibits of respondent's indictment and the district court judgment into evidence without objection. See Supreme Court Rule 202 (1993 Kan. Ct. R. Annot. 160).

The hearing panel found by clear and convincing evidence that respondent pled guilty to and was convicted of one count of possession of a controlled substance with intent to distribute and that respondent was sentenced to a term of seven and one-half years in prison followed by supervised release for a term of five years. The panel unanimously concluded that respondent violated his oath of office as an attorney and MRPC 8.4(b), (d), and (g). The panel noted that respondent was disciplined by public censure in 1988 after pleading guilty to four counts of presenting a false claim and one count of unlawful deprivation of property, all class A misdemeanors. *In re Diggs*, 243 Kan. 587, 757 P.2d 326 (1988). After considering respondent's felony conviction, the sentence imposed, and his prior discipline, the panel unanimously recommended that respondent be disbarred.

Respondent does not contest the findings and conclusions of the hearing panel except for the recommended discipline. Respondent argues to this court that he should be suspended rather than disbarred from the practice of law.

Two of the types of discipline of attorneys that can be imposed by the Kansas Supreme Court are disbarment and suspension. Supreme Court Rule 203 (1993 Kan. Ct. R. Annot. 162). Any attorney who is disbarred is not eligible to apply for reinstatement for five years from the date of disbarment. Any attorney who is suspended for an indefinite period is not eligible for reinstatement for three years from the date of suspension. Such time periods are considered a minimum and are not, per se, grounds for reinstatement. Supreme Court Rule 219(e) (1993 Kan. Ct. R. Annot. 192).

The Model Rules of Professional Conduct, in addition to requiring that a lawyer be a representative of clients and an officer of the legal system, impose a duty on the lawyer to be a public citizen having a special responsibility for the quality of justice. A lawyer's conduct should conform to the requirements of the law in professional service to clients, in the lawyer's business, and in the lawyer's personal affairs.

Any violation of the law creates some question about the trust and confidence that the public may reasonably be expected to place in a lawyer. No matter what the violation, some discipline may be required to deter the attorney involved and other members of the bar. Violations of the law in some cases are of such egregious conduct or are so inimical to the integrity of the judicial system that this court must apply the most serious sanction of disbarment. After examining the record, we find that this is such a case that requires the extreme sanction of disbarment.

IT IS THEREFORE ORDERED that Donald H. Diggs be and he is hereby disbarred from the practice of law in the State of Kansas and his license and privilege to practice law are hereby revoked.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Donald H. Diggs from the roll of attorneys licensed to practice law in the State of Kansas.

IT IS FURTHER ORDERED that respondent forthwith comply with Supreme Court Rule 218 (1993 Kan. Ct. R. Annot. 187); that respondent pay the costs of this proceeding, and that this order be published in the Kansas Reports.

Effective this 28th day of October, 1994.